# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ADRIAN L. CHATEN,

                Plaintiff,

v.

ELDON VAIL, *et al.*,

                Defendants.

No. C09-5615RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis.* The case is before the Court upon review of Plaintiff's complaint. After reviewing the complaint and balance of the record, the Court finds and orders as follows:

## DISCUSSION

      Under the Prison Litigation Reform Act of 1995 (PLRA), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Chaten's allegations appear to fail to state a claim upon which relief can be granted.

**A.  Plaintiff's Allegations – Dkt. 1-2**

Mr. Chaten alleges that on July 6, 2008, he was placed in the Intensive Management Unit (IMU) for allegedly assaulting his cellmate with sexual intentions. Dkt. 1-2, p. 4 (CM/ECF page numbering). He was then investigated by Pierce County Sheriff's prosecutor "McCanan" and McNeil Island Corrections Center (MICC) chief investigator, George Gilbert. *Id*. After four

ORDER TO AMEND OR SHOW CAUSE- 2

months, the Pierce County Prosecutor declined to press charges and did not conduct any follow-up investigation. *Id*. Earl Wright, the deputy director of the Department of Corrections (DOC) stated that he found no evidence that the chief investigator talked to any offenders about the investigation. *Id*.

Plaintiff alleges further that George Gilbert never thoroughly investigated or contacted witnesses during the investigation and that Plaintiff was never infracted for the incident and no criminal charges brought against him. *Id.* Despite not being infracted or criminally charged, Plaintiff alleges that C.U.S. Michael C. Hines, CC3 Michael A. Flemming, and CC2 Ryan T. Denzer recommended that he enter a program. *Id.*, p. 5. CPM Daniel Fitzpatrick and Superintendent Ron Van Boening approved the recommendation and sent it to Steve Ramsey, who approves the programs. *Id*. As a result, Plaintiff was placed on a nine to twelve month program. *Id*.

In addition to the individuals named above, Plaintiff purports to sue Eldon Vail, Secretary of the DOC. *Id.*, p. 3.

Plaintiff alleges that being placed in this program violates his Eighth and Fourteenth Amendment rights. *Id*. He seeks monetary damages for "psychological damages and emotional injuries, including personal humiliation and mental anguish." *Id*. He also seeks punitive damages and an award of "nominal damages" for "violation of [his] 8th and 14th Amendment." *Id.*, p. 7.

**B.      Analysis of Plaintiff's Claims**

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

ORDER TO AMEND OR SHOW CAUSE- 3

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than de minimus." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Court cannot infer from the vague and conclusory statements contained in Mr. Chaten's complaint that any of the named defendants have violated any of his constitutional

ORDER TO AMEND OR SHOW CAUSE- 4

rights. Mr. Chaten states that he was made to attend a "program" and that this violated his Eighth Amendment rights, but he does not identify the nature of the program or how his constitutional rights were violated.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.2006). "Thus, while conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Id*. (internal quotation omitted). In other words, restrictions "must not be devoid of legitimate penological purpose ..., or contrary to evolving standards of decency that mark the progress of a maturing society." *Id*. (internal citation omitted).

A prisoner claiming an Eighth Amendment violation must show: "(1) that the deprivation he suffered was objectively, sufficiently serious; and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." *Morgan*, 465 F.3d at 1045 (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "Prison officials have a duty to ensure that inmates receive adequate shelter, food, clothing, sanitation, medical care and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.2000). Moreover, courts must consider "[t]he circumstances, nature, and duration of a deprivation" of these necessities in determining whether a constitutional violation has occurred. *Id*. (noting that "more modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing").

ORDER TO AMEND OR SHOW CAUSE- 5

Although it is clear that Mr. Chaten disagrees with the decision to place him in the program, he has not stated a claim under the Eighth Amendment. To the extent Mr. Chaten seeks to state a claim for violation of his due process rights, he is advised that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569 (1972). If a liberty interest is at stake, the court must determine what procedures the plaintiff was entitled to under the Due Process Clause. *See, e.g., Wilkinson v. Austin,* 545 U.S. 209, 125 S.Ct. 2384, 2393 (2005). Finally, the Court evaluates whether the process Mr. Weighall actually received in this case comported with the minimum requirements needed to satisfy due process.

The Fourteenth Amendment's Due Process Clause does not trigger the need for procedural protections in every instance involving an individual's deprivation of liberty or property at the hands of the state. *See, e.g., Roth,* 408 U.S. at 569, *Ingraham v. Wright,* 430 U.S. 651, 672 (1977). Rather, only when there is a liberty interest at stake is due process implicated. *Id.* Liberty interests protected by the Fourteenth Amendment may arise from either the Due Process Clause itself or from state law. *Meachum v. Fano*, 427 U.S. 215 (1976). "It is well-established that '[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" *Burnsworth v. Gunderson*, 179 F.3d 771, 774 (9th Cir. 1999) (quoting *Bd. Of Regents v. Roth*, 408 U.S. 564, 569) "Under *Sandin*, a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.'" *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (quoting *Sandin*, 515 U.S. at 484). "There is no single standard for

ORDER TO AMEND OR SHOW CAUSE- 6

determining whether a prison hardship is atypical and significant, and the 'condition or combination of conditions or factors [of the alleged hardship] ... requires case by case, fact by fact consideration.' " *Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir.2003), quoting *Keenan,* 83 F.3d at 1089.

Mr. Chaten's vague allegation that he was forced to attend a "program" does not state a claim for the deprivation of a protected liberty interest.

Mr. Chaten names Eldon Vail as a defendant but includes no allegations as to this defendant. Plaintiff also names Steve Ramsey and Ron Van Boening as defendants and alleges only that they approved the recommendation for his admission to the program. As noted above, a plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint and cannot be held liable solely on the basis of his supervisory responsibility or position. To state a claim under Section 1983, Plaintiff must allege when, where and in what manner these defendants were involved in causing him constitutional harm.

Mr. Chaten claims psychological and emotional injuries, including personal humiliation and mental anguish, but makes no allegation of physical injury. As noted above, although mental and emotional distress damages are available as compensatory damages under §1983, no compensatory damages are to be awarded for the mere deprivation of a constitutional right.

The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury" is *de minimis. Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002). But the Ninth Circuit

ORDER TO AMEND OR SHOW CAUSE- 7

has held that to the extent that a plaintiff has actionable claims for compensatory, nominal, or punitive damages premised on violations of constitutional rights, and not on mental or emotional injuries, § 1997e(e) is not a bar to such claims. *Id.* at 630.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Chaten may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **November 20, 2009.** If Mr. Chaten chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

   (1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

   (2)    the dates on which the conduct of each Defendant allegedly took place; and

   (3)    the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5615RJB must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

Plaintiff is cautioned that if an amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein on or before **November 20, 2009**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal

ORDER TO AMEND OR SHOW CAUSE- 8

will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. §1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

**DATED** this  26th  day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9