|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISCTRICT OF WASHINGTON**
**AT TACOMA**

ADRIAN LEWIS CHATEN,

              Plaintiff,

  v.

ELDON VAIL, et al.,

              Defendants.

NO. C09-5615 RJB/KLS

ORDER DENYING MOTION TO SERVE BY MAIL

       Before the court is Plaintiff's "Motion, Declaration and Order to Serve By Mail." Dkt. 25. Plaintiff maintains that because of his indigent status, he is entitled to serve a copy of the summons and complaint on the Defendants by mail. *Id.*

       When Plaintiff filed this action in October, 2009, he provided marshal forms and service copies for service by the U.S. Marshal on the named Defendants. However, all of the waiver and return of service forms directed to the defendants were returned unexecuted and marked "not at provided address." Dkts. 12 through 17. Instead of providing the addresses for each of the defendants, Mr. Chaten provided the Washington Attorney General's address on each of the Marshal forms.

On April 2, 2010, Plaintiff was ordered to provide the necessary addresses and marshal forms for the named defendants or an explanation of his failure to do so on or before April 16, 2010. Dkt. 22. On April 13, 2010, Plaintiff filed a Motion for Extension of Time, in which he requests an extension of 30 days "to prepare and/or complete his Motion for Discretionary Review, pursuant to RAP 13.4." Dkt. 24. Although it was unclear why Plaintiff filed this motion in this court, the court interpreted the motion as a request for an extension of the time within which Plaintiff must respond to the Court's Order to Show Cause (Dkt. 22).

*DISCUSSION*

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshall, upon order of the court, shall serve the summons and complaint. Fed.R.Civ.P. 4(c)(2). A pro se plaintiff is entitled to rely on the U.S. Marshal for service of the summons and complaint and will not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

ORDER                                                                                   2

1  Despite Plaintiff's *in forma pauperis* status, he must supply the information necessary

2  to identify the defendants to be served. See *Walker v. Sumner*, 14 F.3d at 1415. However, if

3  Plaintiff requires additional time to research and effect service, the Court will consider a

4  motion for a good cause extension of time for an appropriate period pursuant to Fed.R.Civ.P.

5  4(m).

6  Accordingly, it is **ORDERED:**

7  1. Plaintiff's motion for service by mail (Dkt. 25) is **DENIED.** Plaintiff shall

8  provide addresses for Defendants Denzer, Hines, Flemming, Fitzpatrick, and Gilbert[1] on or

9  before May 28, 2010.

10  2. The Clerk shall send a copy of this Order to Plaintiff.

11  **DATED** this 4th day of May, 2010.

Karen L. Strombom
United States Magistrate Judge

---

[1] The court notes that Mr. Chaten has now provided a mailing address for Mr. Van Boening. See Dkt. 25, p. 1.