UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN LEWIS CHATEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD VAN BOENING, DANIEL FITZPATRICK, MIKE HINES, MICHAEL A. FLEMMING, RYAN T. DENZER, and GEORGE GILBERT,<br><br>　　　　　　　　　　Defendants. | No. 09-5615 RJB/KLS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |

　　　　Before the Court is Defendants' motion to stay discovery of this matter pending resolution of their pending motion to dismiss. Dkt. 37. For the reasons stated below, the Court finds that the motion should be granted.

**PROCEDURAL BACKGROUND**

　　　　On October 1, 2009, Plaintiff, Adrian Lewis Chaten, filed a proposed civil rights complaint and a motion for leave to proceed *in forma pauperis*. Dkt. 1. On October 26, 2009, the court granted Plaintiff's motion to proceed *in forma pauperis*, docketed his complaint, and ordered the Plaintiff to amend his complaint. Dkts., 4, 5, and 6. Plaintiff filed his First Amended Complaint on January 7, 2010. Dkt. 9. He alleges that Defendants violated his due process and equal protection rights when they held him in administrative segregation pending an

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

investigation that he attacked another inmate and following the investigation, placed him in an unidentified "program." Dkt. 9.

On July 26, 2010, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted and that he has failed to allege the personal participation of Defendants Fitzpatrick and Van Boening. Dkt. 37. Defendants also request that all discovery be stayed pending the court's resolution of the motion to dismiss. Plaintiff has not filed a response to the motion to dismiss.

## DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

The court agrees that the parties should not face the burden and expense of responding to discovery as to claims that may not survive the pleading stage. Accordingly, it is **ORDERED:**

(1)   Defendants' motion to stay discovery (Dkt. 37) is **GRANTED**.

(2)   All discovery is **STAYED** pending further order of this Court.

(3)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this   4th   day of October, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 2